[No. 38177.  Department One.  December 23, 1965.]

ALBERT L. PACE, *Appellant*, v. BETTY M. PACE, *Respondent*.*

*Cook, Flanagan & Berst* and *Robert A. Berst*, for appellant.

*Jordan & Adair,* for respondent.

PER CURIAM.—Appellant Albert L. Pace and respondent Betty M. Pace were divorced on August 8, 1960, and, under the provisions of the decree, appellant was directed to pay money for the support of the minor children of the parties. Appellant fell in arrears on these payments, and on June 26, 1964, respondent secured a judgment against him in the amount of $1,497.20 for arrears of support.

Appellant then petitioned for a modification of the divorce decree with respect to the support provisions. On October 20, 1964, that petition was granted by an order which reduced the amount of future support payments and provided that the judgment for past arrears was to be paid off at the rate of $50 per month. No appeal was taken from this order.

*Reported in 409 P.2d 172.

In December, 1964, respondent obtained a writ of garnishment based upon the unsatisfied judgment of June 26. The appellant filed a motion to dismiss the writ, which was denied by order entered by the trial court. The appellant appeals.

■ Appellant concedes that under our law, past-due installments for support money under a divorce decree constitute fixed obligations which may not be modified retroactively by court order and the inherent right to enforce them by usual means may not be denied. *Sanges v. Sanges,* 44 Wn.2d 35, 265 P.2d 278 (1953); *Starkey v. Starkey,* 40 Wn.2d 307, 242 P.2d 1048 (1952). Appellant contends, however, that this rule of law does not apply in the present case. He argues that the order modifying the decree provided a specific method for payment of the judgment of June 26, that no appeal was taken therefrom, and that respondent is therefore bound by the order of October 20, 1964, to accept $50 per month as her sole means of collecting the judgment of June 26.

■ Appellant misconstrues the effect of the order of October 20, 1964. That order could not and did not purport to provide the *exclusive* method by which respondent could collect her judgment. The effect of the order was rather to provide a means whereby the appellant could pay the judgment for accumulated support payments on an installment basis without being subject to contempt proceedings. See, *e.g., Corson v. Corson,* 46 Wn.2d 611, 283 P.2d 673 (1955). The failure to appeal from the order of October 20 did not deprive respondent of the usual means of enforcing her judgment.

Appellant urges this court to establish an exception to the general rule where application of the rule would "defeat a reasonable solution to a support problem." Such an exception would deny the respondent her statutory provisional remedies in the enforcement of her judgment. We will not interfere with the exercise of these statutory rights. *Starkey v. Starkey, supra.*

The judgment is affirmed.