[No. 2571–2.   Division Two.   March 13, 1978.]

ELEANOR M. HATHAWAY, *Respondent,* v. HUBERT A.
HATHAWAY, *Appellant.*

*Gary L. Johnson, Kenneth S. Kessler,* and *Moe Birnbaum,* for appellant.

*James L. Holman,* for respondent.

PETRIE, J.—The defendant, Hubert A. Hathaway, has appealed from that portion of an order on show cause entered on September 29, 1976, which directed him to pay to the plaintiff, his former wife, the sum of $50 per month until a judgment previously entered in favor of the plaintiff

in the amount of $3,460 on January 29, 1971, is satisfied. We affirm the 1976 order for the limited purposes set forth herein.

By a decree of divorce entered November 3, 1966, defendant was ordered to pay to plaintiff the sum of $75 per month for each of two minor children of the parties. Payments became delinquent, and on January 29, 1971, the court entered an "Order on Show Cause for Contempt and Judgment" holding him in contempt of court and specifically directing in part that plaintiff

> shall have judgment against the defendant, HUBERT A. HATHAWAY, in the total sum of Three Thousand Three Hundred Ten Dollars ($3,310.00), representing back support due through the month of December, 1970, plus an additional sum of One Hundred Fifty Dollars ($150.00), as attorneys fees incurred herein.

On August 13, 1976, plaintiff filed a motion and affidavit for show cause and contempt averring in part that defendant had not paid any part of the 1971 judgment. No attempt was made, however, to enforce the 1971 judgment by pursuit of civil remedies other than the citation for contempt. The trial court specifically declined to hold Mr. Hathaway in contempt of court, but nevertheless, on September 29, 1976, entered an order reciting in part "that defendant be required to pay $50.00 per month against such judgment until the entire amount of $3,460.00 is satisfied." Mr. Hathaway assigns error to this purported "reinstatement" of the 1971 judgment.

The parties have agreed that as of the end of September 1976 the defendant had fully paid all support money due except those sums represented by the 1971 judgment.

In August 1976, when the plaintiff sought the coercive remedy of contempt of court, less than 6 years had elapsed from the date on which installments of support had become due for the months of September through December 1970. Because of Mr. Hathaway's failure to pay those latter installments, the contempt remedy was available to the plaintiff in August 1976, *Phillips v. Phillips,* 165

Wash. 616, 6 P.2d 61 (1931); not so, however, as to earlier installments. *Schumacher v. Schumacher,* 26 Wn.2d 23, 172 P.2d 841 (1946).

As previously noted, however, the trial court did not find Mr. Hathaway in contempt, and the plaintiff has not filed a cross appeal herein. In any event, the plaintiff apparently relies upon the 1971 judgment,[1] contending she has 6 years in which to enforce *it,* citing *Swanson v. Graham,* 27 Wn.2d 590, 179 P.2d 288 (1947) and *Pace v. Pace,* 67 Wn.2d 640, 409 P.2d 172 (1965).

The plaintiff's reliance on *Swanson* and *Pace* is misplaced. In *Swanson,* the court simply held that "judgments" for unpaid child support payments, as they accrue, do not become statutory liens encumbering the real property of the party whose support installments have become delinquent; in order to create a statutory lien, the arrearages must be reduced to a specific judgment.

In *Pace,* the court held that an order permitting payment of a specified sum monthly, as a method of satisfying a previously entered specific judgment debt for support arrearages, merely provides the measure by which the delinquent party can protect himself from contempt proceedings, but that the judgment creditor may nevertheless enforce the specific judgment by means other than contempt.

In the case at bench, the plaintiff did not seek to enforce the 1971 judgment by means other than contempt. Accordingly, the question of whether or not the full amount of the debt created by the 1971 judgment was collectible in August 1976 by means other than contempt is not before us—nor was it before the trial court. We note, however, that whatever vitality lay in the lien created by the 1971 judgment expired 6 years after entry of the judgment. RCW 4.56.210.

---

[1] No question has been raised as to the propriety of attempting to enforce the 1971 money judgment by means of a contempt citation. Accordingly, we do not consider that question.

To the limited extent that the order appealed from attempted to establish the measure by which Mr. Hathaway could protect himself from contempt proceedings, it had some vitality until December 1976 (within 6 years of the date on which the December 1970 installment became due). *See Pace v. Pace, supra.* Accordingly, we affirm the order from which the defendant appealed.

As a postscript, however, we are constrained to note, lest there be any misunderstanding which might produce subsequent litigation, neither the order of September 29, 1976, nor the judgment of January 29, 1971, provide any foundation on which the plaintiff may now rely in pursuit of any further attempts to collect (by contempt or otherwise) support arrearages which became due in December 1970 or previously.

REED, A.C.J., and SOULE, J., concur.

