595 P.2d 189

**Loretta Frances FINFROCK, Petitioner-Appellant,**

v.

**Dale Bowen FINFROCK, Respondent-Appellee.**

No. 2 CA–CIV 3028.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1979.

Rehearing Denied March 28, 1979.

Review Denied April 17, 1979.

Ronald W. Sommer, Tucson, for petitioner-appellant.

Fred T. Scanlan, Tucson, for respondent-appellee.

## OPINION

RICHMOND, Chief Judge.

The question on this appeal is whether the trial court erred in quashing a writ of garnishment issued subsequent to an assignment of appellee's wages for payment of overdue child support which had been reduced to judgment. We find no error and affirm.

A 1974 dissolution decree required appellee to pay to appellant $200 per month for child support. In 1977 appellant petitioned for an order to show cause, alleging that appellee owed support arrearages of $6,258.67. She requested a judgment for arrearages and assignment of part of appellee's wages. The court entered judgment in the sum of $5,265.00 for arrearages, found appellee in contempt, and directed him to pay $50 per month on the arrearages to purge himself. He was also directed to make an assignment of wages for currently accruing child support, pursuant to A.R.S. § 12–2454(A).

A motion to amend the judgment was filed by appellant. Besides seeking interest on the arrearages, she alleged that appellee's "authorization for automatic transfer" of $125 on a semi-monthly basis from his account in the teacher's credit union to her account was insufficient to comply with § 12–2454. Appellee responded that the automatic transfer was an assignment of wages within the contemplation of the statute and assured appellant of regular monthly payments over a 12-month period, whereas an assignment directed to appellee's employer would provide for payments only during the 10-month period that he received paychecks as a teacher. An amended judgment in the amount of $5,632.33, including interest through October 24, 1977, plus $400

**398**

for attorney's fees was entered on January 26, 1978. The court further ordered assignment of appellee's periodic earnings in the amount of $250 per month, apportioned as $200 against the obligation for the month and the balance against arrearages.

On May 26, 1978, appellant's attorney filed an affidavit for writ of garnishment alleging that appellee was indebted by reason of the judgment of the sum of $6,075. Writs of garnishment against Tucson Unified School District No. 1 and Tucson Teachers Federal Credit Union were issued. The credit union responded that appellee had a balance in his account in the amount of $1,434.36 and was indebted to the credit union in the amount of $1,210.70; that appellee's account was pledged to the credit union for payment of such indebtedness, and that only the difference of $223.66 was owed to appellee. The school district answer recited that it was indebted to appellee in the sum of $269.69, after deductions, and that $134.84 was subject to garnishment after granting appellee the statutory exemption.

A motion to quash the writ of garnishment issued to the credit union was filed by appellee. He stated that the purpose of the credit union account was for child support payments through the summer months when he would not be receiving a paycheck from the school district and that, because of the writ of garnishment served on the school district, he was deprived of funds to support his current family.[1] The motion to quash was granted.[2]

Appellant contends that she was not precluded from attempting other remedies to enforce her judgment for support arrearages by the order for wage assignment. Her contention is too broad. In view of the prior assignment, it would be inequitable to permit appellant to collect arrearages by garnishment of wages deposited in appellee's credit union account for payment of his child support obligations during the months when the assignment would be inoperative.

If the trial court had merely provided that the judgment for arrearages be paid off at the rate of $50 per month, appellant might not be precluded from resorting to garnishment to enforce her judgment. *See Pace v. Pace*, 67 Wash.2d 640, 409 P.2d 172 (1965). Appellant, however, requested and received an order for assignment of appellee's wages. She was aware that appellee was only paid for 10 months of the year as a school teacher and the wage assignment would not apply to the two summer months. The trial court could have concluded that the sum in the credit union account was necessary for appellee to pay appellant the $250 per month in the summer months and also have funds for subsistence. It would have defeated the purpose of the wage assignment to penalize appellee for having set aside a portion of his bi-weekly earnings in order to meet his summer obligations. As the Utah Supreme Court said of an analogous situation in *Harmon v. Harmon*, 26 Utah 2d 436, 491 P.2d 231 (1971):

* * * To accept the plaintiff's contention that an adjudged arrearage is tantamount to a judgment in law, would in the long run tend to impair rather than to enhance the abilities of both the plaintiff and the court to accomplish the desired objective. * * * 491 P.2d at 232.

The same rationale is applicable here and we decline to interfere. The foregoing disposes of the other questions presented for review.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

1. Appellant was subsequently awarded judgment in the amount of $109.84 against the garnishee school district.

2. The court further ordered that during the period of time that one minor child resided with appellee, the obligation for support of that child would be eliminated but the wage assignment would not be amended and the sums remaining would be applied to discharge the arrearages.