# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

In the Matter of the Marriage of:

ROSABLANCA BEINHAUER, n/k/a
ROSABLANCA ABARDO,

                 Respondent,

      v.

MARK BEINHAUER,

                 Appellant.

No. 54257-9-II

UNPUBLISHED OPINION

PRICE, J. — Mark Beinhauer[1] appeals from the superior court's denial of his motion for leave to collect unpaid child support on the basis of res judicata and the award of attorney fees to Rosablanca Beinhauer.  Mark and Rosablanca both request their attorney fees on appeal.  We reverse the superior court's decision and grant Mark his reasonable attorney fees.

FACTS

I.  PRIOR PROCEEDINGS – 2017 ACTION.

The marriage between Rosablanca and Mark was dissolved in 2000.  *Beinhauer v. Beinhauer*, No. 51164-9-II, slip op. at 1 (Wash. Ct. App. Mar. 26, 2019) (unpublished), Clerk's Papers (CP) at 32.  Mark was granted custody of their child in 2004, and Rosablanca was ordered

---

[1] Because the parties share the same last name, they are referred to by their first names.  No disrespect is intended.

to pay child support. Although in 2004 Mark initially requested enforcement from the Washington State Department of Social and Health Services Department of Child Support (DCS), he withdrew his request later that year. In 2015, Mark reapplied for DCS enforcement. In 2016, a payment plan was established in which DCS withheld an amount from Rosablanca's paycheck each month to satisfy her child support arrears.

In January 2017, Mark filed a motion for contempt, alleging that Rosablanca had failed to comply with the 2004 child support order. He requested that the superior court reduce Rosablanca's past due child support obligations to a judgment. Rosablanca responded that she had set up a payment plan with DCS to pay off the balance and she was current on her payments. The superior court commissioner denied Mark's motion for contempt and denied his request for a judgment. On June 9, the superior court affirmed the commissioner with an order denying revision. The record on appeal does not reveal the basis for these decisions.

Approximately 3 months later, Mark attempted to garnish retirement plan proceeds that had been awarded to Rosablanca, asserting that money should be withheld to satisfy her debt. The garnishment writs were stayed by the superior court at Rosablanca's request. At a show cause hearing, the superior court commissioner quashed the writs and assessed attorney fees and CR 11 sanctions against Mark. The commissioner further ordered that Mark was "precluded from pursuing any further collection action against [Rosablanca] *until further order of the court*." CP at 79 (emphasis added). The superior court again denied revision of the order and awarded attorney fees to Rosablanca. Again, the record does not reveal the basis for the superior court's decision.

Mark appealed these orders, and we affirmed the superior court. We held, among other things, that the superior court's decision to deny the motion for contempt was not untenable when Rosablanca was current on her obligations under the DCS payment plan.

## II. CURRENT PROCEEDINGS – 2019 ACTION.

In September 2019, Mark filed a motion for leave to collect unpaid child support. In his motion, he stated, "I request that I be allowed to initiate legal proceedings to collect the balance due, including requesting the Clerk of the Court to issue writs of garnishment." CP at 50. He supported his request by arguing that the 2017 orders only precluded his collection on unpaid child support "until further order of the court" and, therefore, he was authorized to request such an order. CP at 99 (internal quotation marks and emphasis omitted). He further argued that the law permitted his collection efforts notwithstanding the DCS payment plan.

Rosablanca took the position that she remained current in her child support payments and that the issues raised in Mark's motion had previously been decided in the June 2017 order. She argued that the motion should be dismissed on the basis of res judicata and requested that the superior court grant her attorney fees because Mark was bringing a claim that had already been decided.

The superior court denied Mark's motion, agreeing with Rosablanca that Mark was "estopped from bringing [the] issue before the court again." CP at 105. Although the superior court's order did not explicitly state it was denied based on res judicata, that conclusion can be

inferred from the positions taken in the parties' pleadings and the superior court's oral ruling.[2] The superior court also granted Rosablanca's request for attorney fees.

Mark appeals.

## ANALYSIS

### I. RES JUDICATA DISMISSAL

#### A. LEGAL PRINCIPLES

The question of whether an action is barred by res judicata is reviewed de novo. *Emerson v. Dep't of Corr.*, 194 Wn. App. 617, 626, 376 P.3d 430 (2016).

"The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit." *Ensley v. Pitcher*, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). Res judicata requires that a prior judgment and a subsequent action have a concurrence of identity in four aspects. *Schroeder v. Excelsior Mgmt. Group, LLC*, 177 Wn.2d 94, 108, 297 P.3d 677 (2013). " 'There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.' " *Id.* (quoting *Mellor v. Chamberlin*, 100 Wn.2d 643, 645-46, 673 P.2d 610 (1983)).

#### B. APPLICATION

Mark argues that the superior court erred in dismissing his claim based on res judicata. We agree.

The issues addressed in the 2017 action and the 2019 action are not sufficiently similar to be considered the same identity of cause of action for the purposes of res judicata. In 2017, Mark

---

[2] Among the trial court's oral statements, it said that it was "very clear from the record that we have that that matter has been dealt with." Verbatim Transcript of Proceedings at 7.

filed a motion asking the superior court to find Rosablanca in contempt and enter a judgment against her for her past due child support. The superior court found that Mark was not entitled to an order of contempt when Rosablanca was current on her DCS payment plan. Then, following his unilateral attempt at garnishment, the superior court denied Mark the right to collect on unpaid child support "*until further order of the court.*" CP at 79 (emphasis added). Following appeal, we focused our analysis on the superior court's denial of contempt against Rosablanca and found, under those specific circumstances, there was no error.

Here, the issue is not principally one of contempt. Mark's motion was for leave to collect unpaid child support. This request appears to be in direct response to the superior court's 2017 order requiring him to obtain a "further order of the court" prior to engaging in collection efforts. CP at 79. If the superior court intended through its 2017 orders to forever foreclose Mark from attempting collection efforts, not only is that intent unclear from the record before us, but it is also inconsistent with the language used in 2017 orders.[3]

Mark cites authorities, *Pace*[4] and *Starkey*[5], that further underscore that the 2017 action and the 2019 action were addressing different issues. These cases, according to Mark, stand for the proposition that he is entitled to collect unpaid child support regardless of the existence of an ordered payment plan and regardless of a judgment. Whether or not Mark eventually prevails in this position, these authorities underscore the distinction between the issue raised in 2017 (whether

---

[3] As a practical matter, finding res judicata applicable here would be difficult in any event because the appellate record does not provide the reasoning behind the superior court's 2017 decisions.

[4] *Pace v. Pace*, 67 Wn.2d 640, 409 P.2d 172 (1965).

[5] *Starkey v. Starkey*, 40 Wn.2d 307, 242 P.2d 1048 (1952).

Rosablanca, when she was in compliance with her DCS payments plan, should have been held in contempt for intentionally disobeying a lawful judgment) and the issue raised here (whether Mark may attempt collection regardless of the DCS payment plan).

In sum, the 2017 action involved Mark's right to obtain a contempt order and obtain a judgment against Rosablanca when she was current on her DCS payment plan; the 2019 action, however, more broadly concerns the potential right to utilize other avenues to collect past due payments. For these reasons, we hold that there was no identity of cause of action. Because there was no identity of cause of action, we hold that the superior court erred in dismissing on res judicata.

We emphasize that while Mark substantively asserts the application of *Pace* and *Starkey*, because the superior court's order was limited to the basis of res judicata, we do not address, and make no determinations about, the merits of those arguments.

## II. ATTORNEY FEES

Mark argues that the superior court erred by denying attorney fees to him and granting fees to Rosablanca. Both parties request their attorney fees on appeal. We reverse the superior court's award of attorney fees. We also deny Rosablanca's request for fees on appeal and grant Mark's request.

The prevailing party "[i]n any action to enforce a [child] support or maintenance order under [the child support enforcement statute] . . . is entitled to a recovery of costs, including an award of reasonable attorney fees" at the superior court level as well as on appeal. RCW 26.18.160; *In re Paternity of M.H.*, 187 Wn.2d 1, 13, 383 P.3d 1031 (2016).

The superior court granted Rosablanca her fees as the prevailing party. Mark argues that because Rosablanca should not have been the prevailing party below, she should not have been granted her attorney fees. Because we reverse the order below, we also reverse the award of attorney fees to Rosablanca. On remand, the superior court may determine whether either party is entitled to an award of reasonable attorney fees. Additionally, because Rosablanca is not the prevailing party here, we deny her request for attorney fees on appeal.

Mark argues that he is entitled to attorney fees at the superior court level as well as on appeal as the prevailing party. We agree that because Mark is the prevailing party on appeal, he is entitled to his reasonable attorney fees on appeal. We take no position on whether Mark would be entitled to an award of fees at the superior court level upon remand.

## CONCLUSION

In conclusion, we reverse the superior court's dismissal as well as its award of attorney fees to Rosablanca and award Mark his reasonable attorney fees on appeal.

No. 54257-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, C.J.

CRUSER, J.