**FILED**
**FEBRUARY 24, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37861-6-III |
| | ) | |
| KIMBERLY ANN BARTLETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| DOUGLAS ALAN BARTLETT, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| | ) | |
| GARY R. STENZEL, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — Douglas Bartlett appeals a contempt order, finding him in violation of a court order requiring him to pay attorney fees associated with a dissolution judgment. We affirm.

## FACTS

Douglas and Kimberly Bartlett divorced in 2019. The final decree required Mr. Bartlett to pay Ms. Bartlett's attorney fees and costs, which were later calculated as $48,250 and ordered due by August 30, 2019. The court specified that if payment was not made by this date, a judgment would be assessed.

On September 10, 2019, the trial court found Mr. Bartlett in contempt for violating an order restraining him from altering the status of property owned by the parties. The court assessed $2,500 in attorney fees and costs on the contempt motion to be paid to Ms. Bartlett's attorney, Gary Stenzel. The order specified that payment needed to be made by September 20, or Ms. Bartlett would be able to move for entry of a money judgment.

On September 27, the trial court granted Mr. Stenzel's motion[1] for entry of a judgment with interest against Mr. Bartlett as the attorney fees had not been paid as ordered. The court in its order included both the $48,250[2] from the divorce proceedings and the $2,500 from the contempt motion. The order provided for a payment plan for the outstanding attorney fees as agreed to by the parties. Mr. Bartlett would pay directly to Mr. Stenzel $10,000 within 10 days of the order, another $10,000 by October 27, another $20,000 by November 26, and the remaining $10,750 by December 26. The order noted that the court reserved ruling on the issue of interest claimed by Mr. Stenzel. The order also stated that if Mr. Bartlett missed any of the required payments, the balance would be due in judgment form with Mr. Stenzel as the judgment creditor.

Mr. Bartlett made the first two payments as ordered, but failed to make the $20,000 payment by November 26. Mr. Stenzel then moved for a judgment with interest

---

[1] By this time, Ms. Bartlett had discharged Mr. Stenzel as her attorney.

on the $30,250 in unpaid fees. The court granted this motion, entering a judgment against Mr. Bartlett for the $30,250 plus a 12 percent yearly interest rate.

On December 23, 2019, Mr. Stenzel moved for a garnishment order piercing the corporate veil of Bartlett, LLC, which was doing business as Bartlett Motors (the LLC). Mr. Stenzel declared that he had learned through Mr. Bartlett's attorney that Mr. Bartlett had sold property he personally owned for an estimated $250,000 and placed the proceeds in one of his corporate accounts, representing that he owed the money to the LLC. Mr. Stenzel asked the court to pierce the corporate veil and reach Mr. Bartlett's assets, which were being improperly held by the LLC. He also requested an award of fees for having to bring the motion.

A hearing was held on January 9, 2020. At the hearing, the court made the following comments:

> I recall Mr. Bartlett . . . was present in court and also indicated that he agreed to this arrangement and it is this Court's opinion having heard the trial that he's using the LLC to breach his duty and obligation to pay Mr. Stenzel. It was clear to the Court in the trial that he was using the LLC to gain leverage over his divorcing spouse during that trial, that was clear. I think to disregard the LLC would cause unjust loss to Mr. Stenzel.

Report of Proceedings (Jan. 9, 2020) at 59. The court then granted Mr. Stenzel leave to

---

[2] The motion mistakenly referred to the amount owed from the divorce as $45,000.

garnish the holdings of the LLC and Mr. Bartlett himself, including collection actions. The court's written order incorporated its oral ruling at the hearing. Another $900 in attorney fees for bringing the motion was also added to the amount already owed to Mr. Stenzel.

Mr. Stenzel then served a writ of garnishment on Mr. Bartlett's bank for the remaining fees from Mr. Bartlett's personal and corporate accounts. The bank responded that these accounts had no funds in them. Mr. Stenzel then moved for a supplemental order under RCW 6.32.030 to require the bank to turn over Mr. Bartlett's financial records. In a declaration in support of the motion, Mr. Stenzel alleged Mr. Bartlett had closed the LLC, moved out of his business address, and sold his home and several cars. The court granted this motion.

The bank then produced Mr. Bartlett's financial records to Mr. Stenzel. These records showed that at the end of 2019, Mr. Bartlett had withdrawn approximately $1,100,000 from his bank accounts through three cashier's checks made payable to a fictitious company. In December, Mr. Bartlett then redeemed these checks as "not used for purpose intended." Clerk's Papers (CP) at 305-06, 442. Mr. Stenzel argued these actions were intended to prevent the garnishment of Mr. Bartlett's bank accounts by keeping his funds in the bank's secure cashier's check trust account.

Mr. Bartlett then withdrew approximately $950,000 in a cashier's check written out to "Midwest," and deposited the funds with another bank. *Id*. at 308-13, 442. This left Mr. Bartlett with approximately $75,000 in various bank accounts on January 1, 2020. Then, on the day Mr. Stenzel's motion to pierce the corporate veil was heard, Mr. Bartlett withdrew the remaining funds. According to other records, these funds had then been placed in various out-of-state and international banks.

Mr. Stenzel also subpoenaed the Department of Motor Vehicles for records on vehicles registered to Mr. Bartlett or the LLC. These records showed Mr. Bartlett had transferred out of state or sold approximately $750,000 worth of vehicles that he or the LLC had owned at the time of the divorce.

On September 22, 2020, Mr. Stenzel filed a motion for contempt, sanctions, and attorney fees. Filed in support of the motion was a "History of Case" summarizing Mr. Bartlett's post-dissolution actions in hiding assets. *Id*. at 423-25. As to the allegation that Mr. Bartlett had closed or relocated the LLC, Mr. Stenzel provided the court with photographs of Mr. Bartlett's now deserted business address. A fee affidavit filed with the motion showed Mr. Stenzel had incurred $18,890.00 in attorney fees and $876.72 in costs since the divorce decree was entered in March 2019.

On November 6, the trial court found Mr. Bartlett in contempt of the court's orders regarding attorney fees and costs, specifically the September 27, 2019, payment plan order. The court found Mr. Bartlett had the means to pay the amounts owed under the orders, and that he had intentionally chosen not to. As Mr. Stenzel had been unsuccessful in collecting the fees through ordinary means, the court found contempt to be an appropriate remedy. The court ordered Mr. Bartlett to pay the outstanding $36,300.00 in attorney fees plus interest within one week, or the amount owed would increase by $50.00 per day. The court also stated it conducted a lodestar analysis and found Mr. Stenzel's request for attorney fees incurred since the divorce decree to be reasonable, and ordered Mr. Bartlett to pay Mr. Stenzel an additional $18,890.00 in attorney fees and $876.72 in costs.

Mr. Bartlett now appeals the contempt order.

ANALYSIS

*Contempt*

Mr. Bartlett makes legal and factual challenges to the trial court's contempt order. We review contempt orders for abuse of discretion. *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). Under this standard, legal issues are reviewed de novo and factual matters are reviewed for substantial evidence. *Wash. Pub. Emps. Ass'n,*

*UFCW Local 365 v. Wash. State Ctr. for Childhood Deafness & Hr'g Loss*, 194 Wn.2d

484, 492-93, 450 P.3d 601 (2019).

Mr. Bartlett's legal argument is that a money judgment cannot be enforced by

way of civil contempt. No authority is cited in support of this position.[3] Our Supreme

Court has repeatedly identified civil contempt as an available method for enforcing a

civil judgment. *Allen v. Am. Land Research*, 95 Wn.2d 841, 850, 631 P.2d 930 (1981)

("A court has the inherent power to issue a contempt order for the purpose of trying to

force compliance with its judgment."); *Swanson v. Graham*, 27 Wn.2d 590, 597, 179 P.2d

288 (1947) ("Accrued judgments for unpaid alimony installments are a basis for writs of

garnishment, writs of attachment and general executions, and may be collected through

contempt proceedings."). Mr. Bartlett's legal challenge to the trial court's civil contempt

order fails.

Factually, the trial court had an adequate basis to find contempt. Mr. Stenzel

presented extensive evidence that Mr. Bartlett intentionally engaged in deceptive

practices to hide his finances. This was sufficient to allow a finding of intentional

violation of a court order. RCW 7.21.010(1).

---

[3] Mr. Bartlett relies on *Hathaway v. Hathaway*, 19 Wn. App. 447, 576 P.2d 919 (1978), which specifically declined to reach this issue. *Id*. at 449 n.1.

*Attorney fees*

Mr. Bartlett challenges the trial court's imposition under RCW 7.21.030(3) of attorney fees for contempt. He argues the amount awarded was improper because it was grossly disproportionate to the amount in controversy. We review the trial court's attorney fee assessment for abuse of discretion. *In re Structured Settlement Payment Rights of Rapid Settlements, Ltd.*, 189 Wn. App. 584, 607, 359 P.3d 823 (2015) (*Rapid Settlements*).

The amount in controversy is an important consideration in assessing attorney fees. *See Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993). But it is not controlling. The lodestar method is still applicable, which assesses fees based on a reasonable number of hours worked at a reasonable rate. *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803, 834, 431 P.3d 1018 (2018).

The trial court here used the lodestar method to calculate its fee award. Because Mr. Stenzel had spent a significant amount of time investigating Mr. Bartlett's assets and activities, the ultimate fee award was fairly high. However, it was not unreasonable. Nor did it exceed the amount in controversy. We find no abuse of discretion.

*Piercing the corporate veil*

Mr. Bartlett asks this court to review the trial court's January 9, 2020, order on Mr. Stenzel's motion to pierce the corporate veil of the LLC, despite neither designating the order in nor attaching it to his notice of appeal as required by RAP 5.3(a). According to Mr. Bartlett, he is entitled to review of the order under RAP 2.4(b)(1) because it prejudicially impacted the trial court's contempt order. We disagree.

The trial court's order piercing the corporate veil authorized garnishment of Mr. Bartlett's LLC for attorney fees that had been reduced to judgment. No argument has been made that the LLC has failed to comply with this judgment. Instead, Mr. Stenzel filed a motion for contempt against Mr. Bartlett in his personal capacity. The trial court's contempt order did not implicate the LLC and thus the propriety of the contempt order does not turn on the order piercing the corporate veil. Mr. Bartlett has waived review of the order piercing the corporate veil by not timely perfecting review. [4]

*CR 11*

Mr. Bartlett contends Mr. Stenzel made various false filings before the trial court and asks this court to impose sanctions under CR 11. No motion for CR 11

---

[4] Our disposition should not be read to imply that Mr. Stenzel followed the appropriate procedure in his effort to pierce the corporate veil. We express no opinion on the merits.

9

sanctions was filed with the trial court.

We deny Mr. Bartlett's request for CR 11 sanctions on appeal. CR 11 is a superior court rule. It does not apply to matters before the Court of Appeals. *See Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 384, 46 P.3d 789 (2002). The appellate counterpart to CR 11 is RAP 18.9. This rule applies to misconduct such as filing a frivolous of appeal or misusing the rules of appellate procedure. RAP 18.9 does not apply to Mr. Bartlett's complaints.

*Allegation of improper brief*

In his reply brief, Mr. Bartlett asks this court to strike Mr. Stenzel's appellate brief and impose $2,500 in sanctions. Mr. Bartlett claims the brief contains (1) assertions of fact not supported by the record, and (2) an argumentative statement of facts. Mr. Bartlett did not file a motion to strike as required by RAP 10.7. The request for relief is denied.

## APPELLATE ATTORNEY FEES

Both parties request attorney fees on appeal. Under RAP 18.1(a), we may award attorney fees if authorized by applicable law. We decline Mr. Bartlett's request for fees. We grant Mr. Stenzel's fee request as he has successfully defended a contempt order. *See* RCW 7.21.030(3); *Rapid Settlements*, 189 Wn. App. at 617-18.

No. 37861-6-III
*In re Marriage of Bartlett*

CONCLUSION

The order on appeal is affirmed. Mr. Stenzel's request for appellate attorney fees

is granted, subject to his compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Staab, J.

11